Carnell F. HUNNICUT, Petitioner–
Appellant,

v.

Sebastian MANGIAFICO et al.,
Respondent–Appellee.

Nos. 00–355, 01–20.

United States Court of Appeals,
Second Circuit.

Oct. 3, 2001.

Carnell F. Hunnicut, Big Stone Gap, VA, pro se.

Richard Blumenthal, Attorney General, Hartford, CT; Ann E. Lynch, Assistant Attorney General, on the brief, for appellee.

Present Hon. WILFRED FEINBERG, Hon. DENNIS JACOBS, and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that this appeal be dismissed for lack of appellate jurisdiction.

Carnell F. Hunnicut appeals from two orders: (1) an order entered by Judge Eginton, denying Hunnicut's motion for injunctive relief; and (2) an order entered by Magistrate Judge Fitzsimmons, imposing monetary sanctions against Hunnicut and denying Hunnicut's motion for sanctions, his motion to strike defendants' motion, and his motion to disqualify defense counsel.

1. *Judge Eginton's order denying injunctive relief.*

In December 1998, Hunnicut filed a 42 U.S.C. § 1983 complaint against various prison officials alleging both excessive use of force and failure to provide proper medical treatment. In May 2000, the district court dismissed most of Hunnicut's claims, preserving only Hunnicut's claim for inadequate medical care of his hand pain. In August 2000, Hunnicut moved for a temporary restraining order and a preliminary injunction to stop the defendants from seizing and destroying his legal materials, documents, and personal property. The district court denied Hunnicut's motion, concluding that "claims regarding cell searches and removal of legal papers are beyond the scope of [Hunnicut's] complaint and, thus, are not properly before the court." *Hunnicut v. Mangiafico*, No. 3:98–2455, slip op. at 5 (D.Conn. Nov. 1, 2000).

Section 1292(a)(1) of 28 U.S.C. provides that "courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." However, § 1292(a)(1) renders appealable only those injunctive orders that affect the substance of the plaintiff's basic claim. *See Shakur v. Malcolm*, 525 F.2d 1144, 1147 (2d Cir .1975). "It is well settled that an order of the district court that merely continues a case and does not reach the merits of parties' opposing claims is merely a step in the processing of a case and does not fall within the range of interlocutory orders appealable under ... § 1292(a)(1)." *Frutiger v. Hamilton Cent. Sch. Dist.*, 928 F.2d 68, 72 (2d Cir.1991).

The district judge's order denying Hunnicut's motion for injunctive relief is entirely separate from the merits of Hunnicut's claim concerning the alleged failure to provide adequate medical care, and "merely continues a case and does not reach the merits of parties' opposing claims." *Id.* The order therefore is not immediately appealable and this Court lacks jurisdiction to hear it.

2. *Magistrate Judge Fitzsimmons's order concerning sanctions, disqualification, and other matters.*

An order from a magistrate judge is not directly appealable to this Court unless, upon the consent of the parties, the magistrate judge is given plenary jurisdiction by the district court pursuant to 28 U.S.C. § 636(c)(1). *See LoSacco v. City of*

*Middletown,* 71 F.3d 88, 92 (2d Cir.1995). Instead, review of such orders must first be sought from the district judge. *Id.* at 91.

■ Since the magistrate judge was not given plenary jurisdiction in this case, and since Hunnicut did not appeal the magistrate judge's order to the district judge, this Court lacks jurisdiction over the appeal from the magistrate judge's order.

For the reasons set forth above, it is hereby ordered that this appeal be dismissed for lack of appellate jurisdiction.